IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AFIBA GABRIEL, A/K/A GABRIEL AFIBA, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-20-1234 |
| HARRIS COUNTY JAIL, | § § | |
| *Defendant.* | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a pretrial detainee proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed this section 1983 lawsuit against the Harris County Jail seeking a second "fair and reasonable" pretrial bond.

Having screened the complaint as required by sections 1915 and 1915A, the Court dismisses this lawsuit for the reasons explained below.

*Background and Claims*

Plaintiff is in custody of the Harris County Sheriff's Office awaiting trial on three felony charges for assault of a family household member (with previous conviction), assault of a family household member by impairment of breathing or circulation (with a previous conviction), and felon in possession of a weapon.

At the time of his arrest for the latter felony charge, plaintiff was out on a pretrial bond stemming from the two earlier felony assault charges. Because the new charge was

incurred while he was out on the first bond, the courts denied him a second pretrial bond, and he remains detained at the Harris County Jail.

Plaintiff contends that he has a constitutional right to a second "fair and reasonable bond" despite his violation of the first pretrial bond.

### *Analysis*

*Sections 1915, 1915A*

Because plaintiff is a prisoner who proceeds *in forma pauperis*, the Court is required to scrutinize the claims and dismiss his complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

*Harris County Jail*

Plaintiff names as the sole defendant in this lawsuit the Harris County Jail, which is operated by the Harris County Sheriff's Office. As a subdivision of Harris County, however, neither the Harris County Sheriff's Office nor the Harris County Jail have the

capacity to be sued as required by Federal Rule of Civil Procedure 17(b).  *See Potts v. Crosby Ind. Sch. Dist.*, 210 F. App'x 342, 344–45 (5th Cir. 2006) (upholding dismissal of claims against the Harris County Sheriff's Office on the grounds that, as a "*non sui juris* division of Harris County," it lacked the capacity to be sued); *Aguirre v. Harris County Sheriff's Office*, Civil No. H-11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov. 30, 2012).  Therefore, plaintiff may not pursue his claims against the Harris County Jail or the Harris County Sheriff's Office because these entities lack the requisite legal capacity, and his claims against the Harris County Jail are DISMISSED WITHOUT PREJUDICE.

*Denial of Second Pretrial Bond*

Even assuming plaintiff had named a proper defendant in this lawsuit, he raises no viable claim for relief under section 1983.

Public online records for the Harris County District Clerk's Office and the criminal courts shows that, at the time he was arrested on the pending charge for felon in possession of a weapon, plaintiff was out on a pretrial bond for the two pending felony assault charges.  The state trial court denied plaintiff a second pretrial bond, and he remains detained.  *See State v. Gabriel*, Case No. 1630219 in the 174th Judicial District Court of Harris County, Texas, at http://www.hcdistrictclerk.com (last visited April 7, 2020).

Plaintiff fails to present, and the Court does not find, any legal authority supporting his contention that he has a constitutional right to a second pretrial bond

when his new felony charge constitutes a violation of his first pretrial bond for other pending criminal charges.

Plaintiff's claim is DISMISSED WITHOUT PREJUDICE for failure to state a viable claim upon which relief may be granted under section 1983.

*Habeas Claims*

As his sole judicial relief, plaintiff requests that he be provided a new "fair and reasonable" pretrial bond on the pending felony charge for felon in possession of a weapon. Construed liberally, plaintiff's claim might constitute a claim for habeas relief. However, the Court declines to construe the claim as a habeas claim at this time, as plaintiff does not state, and public records for the Texas Court of Criminal Appeals do not show, that he has exhausted the claim.

A request for pretrial habeas relief is properly brought under 28 U.S.C. § 2241(c), which applies to a person in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). To be eligible for pretrial habeas relief, a petitioner must have been "in custody" at the time of filing the action, and must have exhausted his available state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488–89 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

Because plaintiff has not exhausted his habeas claim through the state courts, the Court will not construe this lawsuit as one brought pursuant to section 2241.

*Conclusion*

This lawsuit is DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim for relief under section 1983. Any and all pending motions are DENIED AS MOOT.

This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas on April 17, 2020.

Gray H. Miller
Senior United States District Judge